IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02315-RPM

MICHAEL VAN DE WEGHE,

    Plaintiff,

v.

CAROL CHAMBERS, District Attorney, 18th Judicial District, in her official capacity;
JAY WILLIFORD, Deputy District Attorney, 18th Judicial District, in his personal capacity;
DETECTIVE GREGORY HOWDEN, Douglas County Sheriff's Office, in his personal capacity; and
DEPUTY JASON WALTER, Douglas County Sheriff's Office, in his personal capacity,

    Defendants.

## ORDER FOR DISMISSAL

The plaintiff's amended complaint, filed February 14, 2013, alleges the following facts:

During the course of their romantic relationship in 2004, Michael Van De Weghe ("the plaintiff" or "Van De Weghe") loaned Laura Moore ("Moore") more than $7,000, evidenced mainly by two checks; one dated May 3, 2004 for $5,000, and the other dated July 12, 2004 for $2,000.

Van De Weghe wrote the word "loan" on the memo lines of the checks before he gave them to Moore, but Moore removed the word "loan" from the checks before she deposited them. Moore gave Van De Weghe a ring as security for the loan. He still has it.

After their relationship ended, Van De Weghe went to Moore's house on May 23, 2005, to discuss repayment of the loan. When he appeared at her door, Moore called the Douglas

County Sheriff's Department and made a complaint of domestic violence. Van De Weghe was charged with various misdemeanors (trespass and various harassment offenses). That criminal case was designated as Case Number 2005M1153, in the County Court for Douglas County, Colorado. It was tried to a jury on March 20-21, 2006, and Van De Weghe was acquitted of all charges.

Moore testified at trial that the two checks were loans and were not gifts or money received for a sale of goods.

In 2008, Van De Weghe filed a complaint in Small Claims Court for recovery of the debt from Moore. The plaintiff's claim against Moore was tried in Small Claims Court on November 17, 2008. Prior to the trial, the plaintiff "restored" the word "loan" on the memo lines of the canceled checks, and during the trial he introduced those canceled checks into evidence. At the conclusion of the trial, the Small Claims Court entered judgment in favor of the plaintiff and against Moore in the amount of $7,000.

On November 17, 2008, Moore filed a motion in the Small Claims Court, seeking "Reconsideration of Evidence" and alleging that the plaintiff had submitted altered checks as evidence and had committed perjury. That motion was denied. The judgment was not appealed.

On November 17, 2008, Moore went to the Douglas County Sheriff's Office and reported that the plaintiff had lied to the Small Claims Court and tampered with evidence by writing the word "loan" on the memo line of the checks before he submitted them as evidence.

Deputies Gregory Howden ("Howden") and Jason Walter ("Walter") investigated Moore's complaint.

In February 2009, Deputy Howden called the plaintiff to discuss Moore's allegations. During that conversation, the plaintiff denied that he did anything wrong and told Deputy Howden that it was Moore who had tampered with the documents by removing the word "loan" from the checks. The plaintiff told Deputy Howden that Moore owed still him the money and that Moore had sent him an email in which she admitted that the $2,000 check was a loan. The plaintiff also told Deputy Howden that Moore had admitted under oath that the checks were for a loan and not a gift. The plaintiff told Deputy Howden that Moore had made other false allegations against him in the past, describing the 2005 misdemeanor domestic violence charges and his 2006 acquittal in that case.

Van De Weghe suggested that Deputy Howden should contact the defense attorney in the misdemeanor case, who faxed Deputy Howden a copy of the email in which Moore admitted that the $2,000 check was a loan which she had not repaid.

The plaintiff alleges "upon information and belief" that Deputy Howden and/or Deputy Walter conferred with Deputy District Attorney Jay Williford ("Williford") regarding whether there was probable cause to charge the plaintiff with crimes.

On or about July 24, 2009, Deputy Howden prepared and signed an Arrest Affidavit, charging the plaintiff with the offenses of theft and tampering with evidence. The plaintiff alleges "upon information and belief" that Deputy Howden conferred with Deputy District Attorney Williford regarding the preparation of this Affidavit and that Williford approved it. The plaintiff was arrested on September 3, 2009.

Deputy District Attorney Williford filed criminal charges against the plaintiff in the action designated as *People of the State of Colorado v. Van De Weghe*, Case No. 2009CR520 in

the District Court for Douglas County, Colorado, charging the plaintiff with the offense of tampering with evidence. Van De Weghe pleaded not guilty.

Deputy District Attorney Williford amended the charges to add felony counts of theft, perjury, violation of bail bond conditions and attempt to influence a public servant (i.e., the Small Claims Court Judge).

Deputy Howden and Deputy District Attorney Williford knew that Van De Weghe was a former Denver police officer would be in danger if sentenced to prison.

On March 8, 2011, the trial of *People of the State of Colorado v. Van De Weghe*, Case No. 2009CR520 began in the District Court for Douglas County, Colorado. When Moore was confronted with her March 21 and 22, 2006 testimony from the plaintiff's misdemeanor trial, Williford abruptly dismissed the charges, admitting that he could not prove the charges beyond a reasonable doubt due to that earlier testimony.

Van De Weghe filed this civil action under 42 U.S.C. § 1983, claiming false arrest and malicious prosecution in violation of the protections afforded by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Carol Chambers is named as a defendant in her official capacity as the District Attorney for the Eighteenth Judicial District on the claim that her policies and practices induced her deputy district attorneys "to overcharge defendants, charge defendants with bogus charges without probable cause, overcharge for discovery to induce defendants to not pay for discovery, withhold exculpatory evidence in order to induce a quick plea bargain, fail to conduct any adequate investigation into probable cause and otherwise bully defendants and defense attorneys

into plea bargains on questionable or bogus charges in order to obtain the bounty." Am. Compl. ¶ 16.

This claim is dismissed because an elected district attorney is a state official for whom the Eleventh Amendment provides immunity. *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *Romero v. Boulder County DA's Office*, 87 Fed.Appx. 696, 698 (10th Cir. 2004) (unpublished); *Bragg v. Office of the District Attorney, Thirteenth Judicial District*, 704 F.Supp.2d 1032 (D.Colo. 2009); *Musick v. Pickering*, 2005 WL 2739028, *2 (D.Colo. Oct. 24, 2005).

Deputy District Attorney Williford has prosecutorial immunity for his filings with the court. The plaintiff seeks to avoid that result by alleging that he participated in a faulty investigation that was done in reckless disregard of the truth. The plaintiff asks for discovery to support this conclusory allegation. There is nothing to suggest that discovery would provide evidence that Williford acted outside his role as a deputy district attorney.

Van De Weghe seeks to recover from the Sheriff's Deputies Howden and Walter because their investigation was conducted disregarding the exculpatory information available to them. These defendants are entitled to qualified immunity. At best, the allegations made indicate a careless and incomplete investigation which does not give rise to a constitutional violation under any clearly established precedent.

Based on the foregoing, it is

ORDERED that Defendant Howden's and Defendant Walter's Motion to Dismiss [4] is granted and the claims against them are dismissed pursuant to Fed.R.Civ.P. 12(b)(6); and it is

FURTHER ORDERED that Defendant Carol Chambers' motion to dismiss [14] is granted and the claims against her are dismissed pursuant to Fed.R.Civ.P. 12(b)(1), and it is

FURTHER ORDERED that Defendant Jay Williford's motion to dismiss [19] is granted and the claims against him are dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Dated:  February 22, 2013

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge